IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAUL TORRES-MUNGUIA,

    Petitioner,

v.                                                                     No. 2:26-cv-01067-KG-GBW

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Saul Torres-Munguia's Petition for Writ of Habeas Corpus. Doc. 1, the Government's Response, Doc. 5, and Petitioner's Reply, Doc. 6. Petitioner, proceeding pro se, challenges the facts supporting his continued detainment pending removal proceedings.  Doc. 1.  For the reasons below, the Court dismisses the petition without prejudice.

## I.    *Background*

Petitioner, a citizen of Mexico, entered the United States without inspection on an unknown date.  Doc. 5 at 2.  On March 22, 2012, Immigration and Customs Enforcement ("ICE") encountered Petitioner at a county jail in Minnesota where he was in custody for disorderly conduct and obstructing the legal process.  Doc. 5-1 at 2.  Petitioner was transferred to ICE custody and eventually was released on bond and enrolled in the Alternative to Detention Program.  *Id.* On January 14, 2013, Petitioner was terminated from the ATD program.  *Id.*  On May 6, 2015, Petitioner was convicted of driving while intoxicated and sentenced to 30-days in jail.  *Id.* at 2–3. In June 2015, ICE redetained Petitioner due to his conviction, but released him on bond and re-enrolled him in the ATD program.  *Id.* at 2.

1

On January 19, 2026, ICE detained Petitioner once again and transferred him to the Otero County Processing Center, where he is presently held.  Doc. 1 at 2.  On March 6, 2026, Petitioner had a bond hearing.  Doc. 5-3.  The immigration judge denied bond, determining that Petitioner failed to show that he was not a danger to the community or that he was not a flight risk.  *Id.* Petitioner was scheduled to appear before an immigration judge for removal proceedings on May 4, 2026.  Doc. 5 at 2.

Petitioner seeks release from immigration detention.  Doc. 1 at 7.  Petitioner alleges that he has proper documentation, has complied with the conditions of his release, and is not a flight risk. Doc. 6 at 2.  The Government asserts that this Court lacks jurisdiction to review the immigration judge's decision denying bond to Petitioner.  Doc. 5 at 3.  The Government also contends that because Petitioner has received a bond hearing, the petition should be denied as moot.  *Id.* at 4.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

Petitioner is detained under § 1226.  Doc. 5 at 3.  Section 1226(a) "authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings."  *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  Noncitizens detained under § 1226(a) are entitled to bond hearings "at the outset of detention."  *Id.* at 306.  Here, an immigration judge denied Petitioner bond, finding that Petitioner did not meet his burden of demonstrating that he was not a flight risk.  Doc. 5-3.

To the extent Petitioner contests the immigration judge's bond determination, the Court lacks the authority to consider Petitioner's claims.  Doc. 1 at 6; Doc. 6 at 2.  In habeas proceedings, district courts lack jurisdiction to review an immigration judge's decision to deny bond.  § 1226(e); *see also Demore v. Kim*, 538 U.S. 510, 516 (2003) (noting that § 1226(e) precludes review of the Attorney General's "discretionary judgment" or "decision" regarding detention or release but permits constitutional challenges to detention).  A petitioner seeking review of a bond decision must either appeal the denial to the Board of Immigration Appeals or file a request for a bond redetermination.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 CFR § 236.1(d)(1), (3).

To the extent Petitioner argues his approximately six-month detention violates his due process rights, § 1226 authorizes the Government to detain a noncitizen until the conclusion of removal proceedings.  *Jennings*, 583 U.S. at 306.  Because Petitioner has received the process due, his continued detention pending removal proceedings is lawful.

### IV.    *Conclusion*

Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is denied.  The Court dismisses the petition without prejudice.  Petitioner may file a subsequent petition should the facts of his detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales  
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.